UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>DAEHEUNG M&T USA, INC., AND SANG GYOON LEE,<br><br>DEFENDANTS. | Civil Action<br><br>No. _____ |

**COMPLAINT FOR DAMAGES**

The United States of America ("United States"), on behalf of its agency the Export-Import Bank of the United States, and by and through the U.S. Attorney and undersigned Assistant U.S. Attorney, hereby sues Daeheung M&T USA, Inc. ("Daeheung USA") and Mr. Sang Gyoon Lee ("Lee" and, collectively, "Defendants"). In support, the United States alleges:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1345, as this action is a civil action commenced by the United States or its agency or officer.

2. Venue is properly laid in this district under 28 U.S.C. § 1391(b)(1) as Daeheung USA maintains a principal office address within this district at P.O. Box 956219, Duluth, Georgia 30095, and a principal place of business at 4070 Buford

Highway, Suite 2, Duluth, Georgia 30096. Additionally, Defendant Lee is a resident of the State of Georgia.

3. Alternatively, venue is properly laid in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims alleged herein occurred in this District; or, under 28 U.S.C. § 1391(b)(3) as Defendants are subject to the personal jurisdiction of this Court as they reside and conduct business within this District.

4. The exclusive civil procedures under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq.*, apply to this action by the United States to recover a judgment on a debt."

## THE PARTIES

5. The United States files suit on behalf of its agency the Export-Import Bank of the United States ("EXIM"). EXIM is the official export credit agency of the United States. EXIM is organized under the Executive Branch and has a stated mission of facilitating the export of U.S. goods and services abroad. EXIM is backed by the full faith and credit of the United States and, therefore, can assume credit risks that the private sector may be unable or unwilling to accept.

6. Defendant Daeheung USA is a domestic for-profit corporation organized under the laws of the State of Georgia. Daeheung USA maintains a physical address and principal place of business at 4070 Buford Highway, Suite 2,

Duluth, Georgia 30096.

7. Daeheung USA is, in part, in the business of exporting electronic parts.

8. Defendant Lee is a resident of the State of Georgia and has a principal residence within the State at 2665 Ivy Brook Lane, Buford, Georgia 30519.

9. Defendant Lee is the sole owner of Daeheung USA.

## STATEMENT OF FACTS

10. In or about February 2012, EXIM commenced a pilot program known as Global Credit Express ("GCE"), under which EXIM would provide revolving lines of credit to eligible American exporters at a reasonable cost. Under the GCE program, EXIM offers revolving lines of credit up to $500,000.00 for a six (6) to twelve (12) month loan term.

11. Under the GCE program, EXIM as lender, Daeheung USA as borrower, and Lee as guarantor duly executed and entered into that certain *Second Amended and Restated Loan, Security and Guarantee Agreement*, effective as of April 24, 2017 ("Agreement").

12. A true and correct copy of the Agreement, together with prior iterations, is attached hereto as **Composite Exhibit 1** and is incorporated as if fully set forth in this Complaint.

13. The Agreement specifies a "Maximum Loan Amount" of $500,000,

interest on any disbursement at 5.08% per annum, and a Maturity Date of twelve (12) months from the Effective Date—April 24, 2017.  *See* Exhibit 1, Agreement at ¶¶ 2(a), 2(b), and Annex A.

14. Under the Agreement, Daeheung USA unconditionally promised to pay to EXIM, by no later than the maturity date, the outstanding principal amount of all disbursements made and accrued and unpaid interest under the terms of the Agreement.  *See* Exhibit 1, Agreement at ¶ 2(a).

15. Daeheung USA further promised to make monthly payments of accrued interest on any disbursement, beginning on the last calendar day of the month following the effective date of the Agreement.  *See* Exhibit 1, Agreement at ¶ 2(b)(i).

16. As security for the payment and performance of Daeheung USA's obligations under the Agreement, Daeheung USA granted EXIM a continuing security interest in all present and future collateral, and all proceeds and products thereof.  *See* Exhibit 1, Agreement at ¶ 4.

17. The collateral consists of all of Daeheung USA's right, title, and interest in the personal property described in Exhibit B to the Agreement, including all goods, accounts, equipment, inventory, receivables, cash, deposits accounts, books and records, products, insurance proceeds, and any proceeds of collateral.  *See* Exhibit 1, Agreement at Exhibit B.

18. Lee, in turn, irrevocably and unconditionally promised, as a guarantor and primary obligor, the due and punctual payment of any principal, interest, and any and all other amounts due under the Agreement, when and as any such amount becomes due and payable ("Guarantee"). *See* Exhibit 1, Agreement at ¶ 13.

19. On or about June 7, 2013, EXIM disbursed the initial loan amount of $500,000 to Daeheung USA ("Loan").

20. Under the terms of the Agreement, the Loan matured on April 24, 2018.

21. On or about April 26, 2018, EXIM made written demand to Daeheung USA and Lee for payment of the Loan and otherwise all outstanding amounts due under the Agreement. A true and correct copy of such written demand is attached hereto as **Exhibit 2**.

22. During the Loan period, between April 24, 2017, to April 24, 2018, Daeheung USA made a total of three payments to EXIM on account of the Loan and Agreement: (a) $4,289.10 on June 2, 2017; (b) $3,689.20 on August 9, 2017; and (c) $2,154.34 on August 18, 2017.

23. As of January 7, 2020, the total amount outstanding under the Agreement, inclusive of interest and any applicable fee or charge, is **$561,179.43**, which is comprised of $499,416.32 in outstanding Loan principal, and $61,763.11

in outstanding interest.

24. The United States incorporates as if fully set forth in this Complaint that certain *Certificate of Indebtedness* ("COI"), prepared by Ms. Cheryl D. Arceneaux, Senior Working Capital Recovery Officer of EXIM. A true and correct copy of the COI is attached hereto as **Exhibit 3**.

25. Daeheung USA failed to make its monthly payment due on or around September 24, 2017. *See* Exhibit 1, Agreement at ¶ 2(b)(i); Exhibit 3, COI.

26. Daeheung USA failed to make any payment, when due under the terms of the Agreement, after September 24, 2017. *Id*.

27. Daeheung USA failed to pay the full amount of outstanding principal and interest upon maturity of the Loan on April 24, 2018. *Id.*

28. After maturity, Daeheung USA has failed to make payment of all outstanding principal, interest, and any other amount due under the terms of the Agreement. *See* Exhibit 1, Agreement at ¶ 2(a); Exhibit 3, COI.

29. Upon and after maturity of all Loan disbursements, Lee has failed to make payment of all outstanding principal, interest, and any other amount due under the terms of the Agreement. *See* Exhibit 1, Agreement at ¶¶ 2(a), 13; Exhibit 3, COI.

30. EXIM has fully performed its obligations under the Agreement.

31. EXIM and the United States have satisfied all conditions precedent to

enforcing the Agreement and bringing this suit.

COUNT I – BREACH OF CONTRACT
(*As to Defendant Daeheung USA*)

32. The United States restates the allegations in paragraphs 1 through 30 as if fully set forth herein.

33. Daeheung USA's nonpayment and failure to perform its contractual obligations constitutes an "Event of Default" under the terms of the Agreement. *See* Exhibit 1, Agreement at ¶ 8.

34. Daeheung USA's nonpayment and failure to perform its contractual obligations constitutes a material breach of the Agreement.

35. Daeheung USA has failed to cure any default or breach.

36. Daeheung USA's material breach of the Agreement has caused pecuniary harm to EXIM and the United States in an amount equal to all unpaid principal, interest, and any fee or charge due under the Agreement, plus any attorney's fees and costs incurred in the enforcement of the Agreement.

COUNT II – BREACH OF CONTRACT AND GUARANTEE
(*As to Defendant Lee*)

37. The United States restates the allegations in paragraphs 1 through 35 as if fully set forth herein.

38. Lee's nonpayment and failure to perform his obligations constitutes an "Event of Default" under the terms of the Agreement. *See* Exhibit 1, Agreement

at ¶ 8.

39. Lee's nonpayment and failure to perform his obligations under the Agreement constitutes a material breach of the Agreement.

40. Lee has failed to cure any default or breach.

41. Daeheung USA's material breach of the Agreement has caused pecuniary harm to EXIM and the United States in an amount equal to all unpaid principal, interest, and any fee or charge due under the Agreement, plus any attorney's fees and costs incurred in the enforcement of the Agreement.

## COUNT III – UNJUST ENRICHMENT (ALTERNATIVE)
*(As both Defendants)*

42. The United States restates the allegations in paragraphs 1 through 40 as if fully set forth herein.

43. In the alternative to Counts I and II, the United States alleges that it conferred a benefit to Defendants in the form of monies transferred.

44. The United States transferred these monies to Defendants at its own expense.

45. The United States has the expectation of being repaid for the monies transferred.

46. Defendants have largely not repaid the monies transferred by the United States.

47. It is against equity and good conscience to permit Defendants to

retain the benefit conferred by the United States to Defendants without repayment in full.

WHEREFORE, the United States prays the Court enter Judgment for the United States and against Defendant Daeheung USA and Defendant Lee, jointly and severally, for damages:

A. In the principal amount of **$561,179.43**, which consists of all outstanding principal, interest, fees, and costs under the terms of the Agreement until;

B. Plus any pre-judgment interest, at the contractual rate under the Agreement, accruing from the date of this Complaint to and including the date this Court enters final judgment;

C. Plus post-judgment interest thereafter at the legal rate per annum;

D. Plus any applicable attorney's fees or costs; and

E. Any such further relief in law or at equity that the Court deems just and proper.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/ Andres H. Sandoval*
Andres H. Sandoval
Assistant U.S. Attorney
Northern District of Georgia
Georgia Bar No. 643257
United States Attorney's Office

> 75 Ted Turner Drive SW, Suite 600
> Atlanta, Georgia 30303
> Telephone: (404) 581-6096
> Facsimile: (404) 581-6181
> E-mail: andres.sandoval@usdoj.gov
> *Counsel for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing brief has been typed using 13 point Book Antiqua font.

> */s/ Andres H. Sandoval*
> Andres H. Sandoval
> Assistant U.S. Attorney